SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------X
FRANKLIN BUONO,

File #: 115414-1/ll

Plaintiff/Petitioner,

Index No.  EF004460/2017

- against -
POSEIDON AIR SYSTEMS, VICTORY AUTO STORES,
INC., VICTORY AUTO STORES, INC. d/b/a POSEIDON
AIR SYSTEMS, WORTHINGTON INDUSTRIES, INC. ,
ANSUL INC. and TYCO FIRE PROTECTION
PRODUCTS,

Defendant/Respondent.
------------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an
electronically filed case in the **New York State Courts Electronic Filing System** ("NYSCEF") as
required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice
is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the
court and for the electronic service of those documents, court documents, and court notices upon
counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be
filed with the County Clerk and the court and served on other parties simply, conveniently, and
quickly.  NYSCEF case documents are filed with the County Clerk and the court by filing on the
NYSCEF Website, which can be done at any time of the day or night on any day of the week. The
documents are served automatically on all consenting e-filers as soon as the document is uploaded
to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving,  or viewing  the electronic  case
record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid,
but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with
this notice must either: 1) immediately record his or her representation within the e-filed matter on
the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action
is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that
they lack the computer hardware and/or scanner and/or internet connection or that they lack (along
with all employees subject to their direction) the operational knowledge to comply with e-filing
requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-
filing. They can serve and file documents in paper form and must be served with documents
in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or the NYSCEF Resource Center (see contact information below). Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who chooses to participate in e-filing may cease participation at any time.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 6/14/2017

| | |
|---|---|
| *Elyssa M. Fried-DeRosa, ESQ* | 1279 Route 300, PO Box 1111 |
| Signature | Address |
| ELYSSA M. FRIED-DE ROSA, ESQ. | Newburgh, New York 12551 |
| Name | |
| Finkelstein & Partners, LLP | 845-563-9513 |
| Firm Name | Phone |
| | efile@lawampm.com |
| | E-Mail |

To:   WORTHINGTON INDUSTRIES, INC.
       Defendant
       530 Henry Street
       Rome, New York

Case 7:17-cv-05915-PMH-AEK   Document 1-4   Filed 08/04/17   Page 3 of 37   EF004460-20

FILE #115414-1/ll

DATE OF FILING:  6-15-17

INDEX #:   EF004460/2017

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is:
Plaintiff(s) residence.

Plaintiff resides at:
131 Hill Road
Goshen, New York
County of Orange.

SUPREME COURT STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------------------------X
FRANKLIN BUONO,

                                                                Plaintiff(s),

           -against-                                                                    SUMMONS

POSEIDON AIR SYSTEMS, VICTORY AUTO STORES, INC.,
VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS,
WORTHINGTON INDUSTRIES, INC., ANSUL INC. and TYCO FIRE
PROTECTION PRODUCTS,

                                                                Defendant(s).
---------------------------------------------------------------------------------X

To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney(s) within –20– days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff(s)
1279 Route 300, PO Box 1111
Newburgh, New York 12551
1-800-634-9513

*Elyssa M. Fried-DeRosa, ESQ*
ELYSSA M. FRIED-DE ROSA, ESQ.

Dated:   6/14/2017

DEFENDANT'S ADDRESS: SEE VERIFIED COMPLAINT

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM   INDEX NO. EF004460-2017

NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 06/15/2017

File #115414-01/11

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ORANGE
------------------------------------------x
FRANKLIN BUONO,

                     Plaintiff,

        -against-                    VERIFIED COMPLAINT

POSEIDON AIR SYSTEMS, VICTORY AUTO STORE,
INC., VICTORY AUTO STORES, INC. d/b/a
POSEIDON AIR SYSTEMS, WORTHINGTON INDUSTRIES,
INC., ANSUL INC. and TYCO FIRE PROTECTION
PRODUCTS,

                     Defendants.
------------------------------------------x

    Plaintiff, by attorneys, FINKELSTEIN & PARTNERS, LLP, as and

for the Verified Complaint, herein alleges the following:

                  AS AND FOR A FIRST CAUSE OF ACTION
                  ON BEHALF OF PLAINTIFF, FRANKLIN BUONO AS
                  AGAINST DEFENDANT, POSEIDON AIR SYSTEMS, VICTORY
                  AUTO STORES, INC., VICTORY AUTO STORES, INC.
                  d/b/a POSEIDON AIR SYSTEMS

    1.  That at all times hereinafter mentioned, the plaintiff was

and still is a resident of the County of Orange, State of New York.

    2.  That at all times hereinafter mentioned, upon information and

belief, defendant, POSEIDON AIR SYSTEMS, was and still is a

domestic corporation organized and existing under and by virtue of

the Laws of the State of New York.

Case 7:17-cv-05915-PMH-AEK Document 1-4 Filed 08/04/17 Page 5 of 37

3. That at all times hereinafter mentioned, upon information and belief, defendant, POSEIDON AIR SYSTEMS, was and still is a foreign corporation duly incorporated within the State of Vermont.

4. That at all times hereinafter mentioned, upon information and belief, defendant, POSEIDON AIR SYSTEMS, was and still is a foreign corporation authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, defendant, POSEIDON AIR SYSTEMS, was and still is a business entity doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC., was and still is a foreign corporation duly incorporated within the State of Vermont.

7. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC., was and still is a foreign corporation authorized to do business in the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC., was and still is a business entity doing business within the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, was and still is a business entity doing business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, defendant, POSEIDON AIR SYSTEMS, was engaged in the business of designing, manufacturing, assembling, advertising,

2

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

marketing and selling high pressure air systems and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, defendant, POSEIDON AIR SYSTEMS, committed a tortious act inside the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, defendant, POSEIDON AIR SYSTEMS, committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, defendant, POSEIDON AIR SYSTEMS, regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

14.  That at all times hereinafter mentioned, upon information and belief, defendant, POSEIDON AIR SYSTEMS, expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

15. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC., was engaged in the business of designing, manufacturing, assembling, advertising, marketing and selling high pressure air systems and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

3

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

16. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC., committed a tortious act inside the State of New York.

17. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC., committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

18. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC., regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

19. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC., expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

20. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, was engaged in the business of designing, manufacturing, assembling, advertising, marketing and selling high pressure air systems and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

21. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR

4

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
INDEX NO. EF004460-2017

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 06/15/2017

SYSTEMS, committed a tortious act inside the State of New York.

22. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

23. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

24. That at all times hereinafter mentioned, upon information and belief, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

25. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, POSEIDON AIR SYSTEMS, its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain air cascade system.

26. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, VICTORY AUTO STORES, INC., its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain air cascade system.

5

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

27. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain air cascade system.

28. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, POSEIDON AIR SYSTEMS, did sell and distribute the aforesaid air cascade system.

29. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, VICTORY AUTO STORES, INC., did sell and distribute the aforesaid air cascade system.

30. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, did sell and distribute the aforesaid air cascade system.

31. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, POSEIDON AIR SYSTEMS, did place the aforesaid air cascade system and component parts into the stream of commerce in the usual course of business.

32. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, VICTORY AUTO STORES, INC., did place the aforesaid air

6

cascade system and component parts into the stream of commerce in the usual course of business.

33. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, did place the aforesaid air cascade system and component parts into the stream of commerce in the usual course of business.

34. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, POSEIDON AIR SYSTEMS, its agents, servants and/or employees did construct and/or assemble a certain air cascade system.

35. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, VICTORY AUTO STORES, INC., its agents, servants and/or employees did construct and/or assemble a certain air cascade system.

36. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, its agents, servants and/or employees did construct and/or assemble a certain air cascade system.

37. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, one, Oprandy's Fire & Safety Inc., did purchase the aforesaid air cascade system and component parts from defendant, POSEIDON AIR

7

SYSTEMS.

38. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, one, Oprandy's Fire & Safety Inc., did purchase the aforesaid air cascade system and component parts from defendant, VICTORY AUTO STORES, INC.

39. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, one, Oprandy's Fire & Safety Inc., did purchase the aforesaid air cascade system and component parts from defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS.

40. That at all times hereinafter mentioned, the back room of Oprandy's Fire & Safety Inc. located at 49 Brookline Avenue, Middletown, County of Orange, State of New York, was the situs of the accident herein.

41. That at all times hereinafter mentioned, on or about the 12th date of February, 2016, the plaintiff, FRANKLIN BUONO, was an employee of one, Oprandy's Fire & Safety Inc.

42. That on or about the 12th day of February, 2016, the plaintiff, FRANKLIN BUONO, was lawfully upon the aforesaid premises while within the scope of his employment with one, Oprandy's Fire & Safety Inc.

43. That on a date prior to the 12th day of February, 2016, upon information and belief, one, Oprandy's Fire & Safety Inc., did enter into a contract with defendant, POSEIDON AIR SYSTEMS, to purchase said air cascade system and its component parts.

8

Case 7:17-cv-05915-PMH-AEK   Document 1-4   Filed 08/04/17   Page 12 of 37

44. That on a date prior to the 12th day of February, 2016, upon information and belief, one, Oprandy's Fire & Safety Inc., did enter into an agreement with defendant, POSEION AIR SYSTEMS, to purchase said air cascade system and its component parts.

45. That on a date prior to the 12th day of February, 2016, upon information and belief, one, Oprandy's Fire & Safety Inc., did enter into a contract with defendant, VICTORY AUTO STORES, INC., to purchase said air cascade system and its component parts.

46. That on a date prior to the 12th day of February, 2016, upon information and belief, one, Oprandy's Fire & Safety Inc., did enter into an agreement with defendant, VICTORY AUTO STORES, INC., to purchase said air cascade system and its component parts.

47. That on a date prior to the 12th day of February, 2016, upon information and belief, one, Oprandy's Fire & Safety Inc., did enter into a contract with defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, to purchase said air cascade system and its component parts.

48. That on a date prior to the 12th day of February, 2016, upon information and belief, one, Oprandy's Fire & Safety Inc., did enter into an agreement with defendant, VICTORY AUTO STORES, INC. d/b/a POSEION AIR SYSTEMS, to purchase said air cascade system and its component parts.

49. That on or about the 12th day of February, 2016, while the plaintiff was operating the aforesaid air cascade system, attempting to fill a fire extinguisher cylinder tank, the tank exploded, thereby causing the plaintiff to sustain severe and

9

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

serious injuries.

50. That the aforesaid accident and resulting injuries were caused by the negligent, wanton, reckless and careless acts of the defendant herein.

51. That the defendants, POSEIDON AIR SYSTEMS, VICTORY AUTO STORES, INC. and VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, designing, manufacturing, fabricating, producing, selling, distributing, repairing and placing into the stream of commerce the aforesaid air cascade system, and its component parts, which was hazardous, defective and/or not reasonably safe; in providing a defective air pressure regulator, and defendants were negligent, careless, and reckless in other respects and manner.

52. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

53. The limited liability provisions of the C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

54. That as a result of the aforesaid accident, this plaintiff was caused to sustain severe and serious personal injuries to his

10

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017
RECEIVED NYSCEF: 06/15/2017

mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money as a result of this accident; the plaintiff further was caused to lose substantial periods of time from his normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

55.   That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

> AS AND FOR A SECOND CAUSE OF ACTION
> ON BEHALF OF PLAINTIFF, FRANKLIN BUONO AS
> AGAINST DEFENDANT, POSEIDON AIR SYSTEMS, VICTORY
> AUTO STORES, INC. and VICTORY AUTO STORES, INC.
> d/b/a POSEIDON AIR SYSTEMS

56.   This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

57.   That the defendant, POSEIDON AIR SYSTEM, warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid air cascade system and its component parts to all foreseeable persons using same that the said air cascade system and its component parts were properly designed, manufactured, distributed, sold, installed and placed into the

11

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017
RECEIVED NYSCEF: 06/15/2017

stream of commerce so that it was reasonably safe and adequate for the purpose for which they intended and that the said air cascade system and its component parts were safe, proper, merchantable and fit for its intended purpose.

58. That the defendant, VICTORY AUTO STORES, INC., warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid air cascade system and its component parts to all foreseeable persons using same that the said air cascade system and its component parts were properly designed, manufactured, distributed, sold, installed and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which they intended and that the said air cascade system and its component parts were safe, proper, merchantable and fit for its intended purpose.

59. That the defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEM, warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid air cascade system and its component parts to all foreseeable persons using same that the said air cascade system and its component parts were properly designed, manufactured, distributed, sold, installed and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which they intended and that the said air cascade system and its component parts were safe,

12

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017
RECEIVED NYSCEF: 06/15/2017

proper, merchantable and fit for its intended purpose.

60. That the plaintiff relied upon such express and/or implied warranties.

61. That the use to which the said air cascade system and its component parts was being put on the date of the accident was a use reasonably contemplated and intended and foreseen by the defendant, POSEIDON AIR SYSTEMS, prior to the time of the sale of air cascade system and its component parts.

62. That the use to which the said air cascade system and its component parts was being put on the date of the accident was a use reasonably contemplated and intended and foreseen by the defendant, VICTORY AUTO STORES, INC., prior to the time of the sale of air cascade system and its component parts.

63. That the use to which the said air cascade system and its component parts was being put on the date of the accident was a use reasonably contemplated and intended and foreseen by the defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, prior to the time of the sale of air cascade system and its component parts.

64. That the defendant, POSEIDON AIR SYSTEMS, breached said warranties.

65. That the defendant, VICTORY AUTO STORES, INC., breached said warranties.

66. That the defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON

AIR SYSTEMS, breached said warranties.

67. That the plaintiff did give notice to the defendant, POSEIDON AIR SYSTEMS, of said breach of warranty or such notice was otherwise excused.

68. That the plaintiff did give notice to the defendant, VICTORY AUTO STORES, INC., of said breach of warranty or such notice was otherwise excused.

69. That the plaintiff did give notice to the defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, of said breach of warranty or such notice was otherwise excused.

70. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, FRANKLIN BUONO AS
AGAINST DEFENDANT, POSEIDON AIR SYSTEMS,
VICTORY AUTO STORES, INC., VICTORY AUTO STORES
d/b/a POSEIDON AIR SYSTEMS

71. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" of the First Cause of Action and paragraphs numbered "57" through "69" of the Second Cause of Action, with the same force and effect as if more fully set forth herein at length.

72. That the defendant, POSEIDON AIR SYSTEMS, designed, manufactured, assembled and put into circulation, namely the

14

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017
RECEIVED NYSCEF: 06/15/2017

aforesaid air cascade system and its component parts.

73.  That the defendant, VICTORY AUTO STORES, INC., designed, manufactured, assembled and put into circulation, namely the aforesaid air cascade system and its component parts.

74.  That the defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, designed, manufactured, assembled and put into circulation, namely the aforesaid air cascade system and its component parts.

75. That the said air cascade system and its component parts was not suited for its purpose and was defective at the time it left the control of the defendants.

76.  That the defendant, POSEIDON AIR SYSTEMS, assumed a strict products liability to users and to persons injured by the aforesaid air cascade system and its component parts, including this plaintiff.

77.  That the defendant, VICTORY AUTO STORES, INC., assumed a strict products liability to users and to persons injured by the aforesaid air cascade system and its component parts, including this plaintiff.

78.  That the defendant, VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS, assumed a strict products liability to users and to persons injured by the aforesaid air cascade system and its component parts, including this plaintiff.

15

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017
RECEIVED NYSCEF: 06/15/2017

79. That by reason of the assumption of said defendants of the strict products liability, and the injuries resulting therefrom to the plaintiff, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

> AS AND FOR A FOURTH CAUSE OF ACTION
> ON BEHALF OF PLAINTIFF, FRANKLIN BUONO AS
> AGAINST DEFENDANTS, WORTHINGTON INDUSTRIES,
> INC., ANSUL INC. and TYCO FIRE PROTECTION
> PRODUCTS

80. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

81. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

82. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., was and still is a foreign corporation duly incorporated within the State of Delaware.

83. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., was and still is a foreign corporation authorized to do business in the State of New York.

84. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., was and still is a business entity doing business within the State of New York.

85. That at all times hereinafter mentioned, upon information and

16

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

belief, defendant, ANSUL INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

86. That at all times hereinafter mentioned, upon information and belief, defendant, ANSUL INC., was and still is a foreign corporation duly incorporated within the State of New York.

87. That at all times hereinafter mentioned, upon information and belief, defendant, ANSUL INC., was and still is a business entity doing business within the State of New York.

88. That at all times hereinafter mentioned, upon information and belief, defendant, TYCO FIRE PROTECTION PRODUCTS, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

89. That at all times hereinafter mentioned, upon information and belief, defendant, TYCO FIRE PROTECTION PRODUCTS, was and still is a foreign corporation duly incorporated within the State of New York.

90. That at all times hereinafter mentioned, upon information and belief, defendant, TYCO FIRE PROTECTION PRODUCTS, was and still is a business entity doing business within the State of New York.

91. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., was engaged in the business of designing, manufacturing, assembling, advertising, marketing and selling fire extinguisher tanks and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

17

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM    INDEX NO. EF004460-2017

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 06/15/2017

92. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., committed a tortious act inside the State of New York.

93. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

94. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

95. That at all times hereinafter mentioned, upon information and belief, defendant, WORTHINGTON INDUSTRIES, INC., expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

96. That at all times hereinafter mentioned, upon information and belief, defendant, ANSUL INC., was engaged in the business of designing, manufacturing, assembling, advertising, marketing and selling fire extinguisher valve assemblies and component parts and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

97. That at all times hereinafter mentioned, upon information and belief, defendant, ANSUL INC., committed a tortious act inside the

18

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017
RECEIVED NYSCEF: 06/15/2017

State of New York.

98. That at all times hereinafter mentioned, upon information and belief, defendant, ANSUL INC., committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

99. That at all times hereinafter mentioned, upon information and belief, defendant, ANSUL INC., regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

100. That at all times hereinafter mentioned, upon information and belief, defendant, ANSUL INC., expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

101. That at all times hereinafter mentioned, upon information and belief, defendant, TYCO FIRE PROTECTION PRODUCTS, was engaged in the business of designing, manufacturing, assembling, advertising, marketing and selling fire extinguisher valve assemblies and component parts and in pursuance of this business, transacts business within the State of New York, and contracts to supply goods or services in the State of New York.

102. That at all times hereinafter mentioned, upon information and belief, defendant, TYCO FIRE PROTECTION PRODUCTS, committed a tortious act inside the State of New York.

103. That at all times hereinafter mentioned, upon information and

19

belief, defendant, TYCO FIRE PROTECTION PRODUCTS, committed a tortious act outside the State of New York which caused injury to the plaintiff within the State of New York.

104. That at all times hereinafter mentioned, upon information and belief, defendant, TYCO FIRE PROTECTION PRODUCTS, regularly does and solicits business and engages in a persistent course of conduct in the State of New York, deriving substantial revenue from the goods used or consumed in the State of New York.

105. That at all times hereinafter mentioned, upon information and belief, defendant, TYCO FIRE PROTECTION PRODUCTS, expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

106. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, WORTHINGTON INDUSTRIES, INC., its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate a certain 4BW-225 M4543 fire extinguisher cylinder tank.

107. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, WORTHINGTON INDUSTRIES, INC., did sell and distribute the aforesaid cylinder tank.

108. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, WORTHINGTON INDUSTRIES, INC., did place the aforesaid

20

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM INDEX NO. EF004460-2017
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 06/15/2017

cylinder tank and component parts into the stream of commerce in the usual course of business.

109. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, WORTHINGTON INDUSTRIES, INC., its agents, servants and/or employees did construct and/or assemble a certain cylinder tank.

110. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, one, Oprandy's Fire & Safety Inc., did purchase the aforesaid cylinder tank and component parts from defendant, WORTHINGTON INDUSTRIES, INC.

111. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, ANSUL INC., its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate component parts used in said tank.

112. That at all times hereinafter mentioned, upon information and belief, on a date prior to the 12th day of February, 2016, defendant, TYCO FIRE PROTECTION PRODUCTS, its agents, servants and/or employees did design, manufacture, produce, construct, assemble and fabricate component parts used in said tank.

113. That at all times hereinafter mentioned, the back room of Oprandy's Fire & Safety Inc. located at 49 Brookline Avenue, Middletown, County of Orange, State of New York, was the situs of the accident herein.

21

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

114. That at all times hereinafter mentioned, on or about the 12th date of February, 2016, the plaintiff, FRANKLIN BUONO, was an employee of one, Oprandy's Fire & Safety Inc.

115. That on or about the 12th day of February, 2016, the plaintiff, FRANKLIN BUONO, was lawfully upon the aforesaid premises while within the scope of his employment with one, Oprandy's Fire & Safety Inc.

116. That on a date prior to the 12th day of February, 2016, upon information and belief, one, Oprandy's Fire & Safety Inc., did enter into a contract with defendant, WORTHINGTON INDUSTRIES, INC., to purchase said cylinder tank and its component parts.

117. That on a date prior to the 12th day of February, 2016, upon information and belief, one, Oprandy's Fire & Safety Inc., did enter into an agreement with defendant, WORTHINGTON INDUSTRIES, INC., to purchase said cylinder tank and its component parts.

118. That on or about the 12th day of February, 2016, while the plaintiff was operating the aforesaid air cascade system, attempting to fill said fire extinguisher cylinder tank, the tank exploded, thereby causing the plaintiff to sustain severe and serious injuries.

119. That the aforesaid accident and resulting injuries were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

120. That the defendants, WORTHINGTON INDUSTRIES, INC., ANSUL INC. and TYCO FIRE PROTECTION PRODUCTS, their agents, servants and/or employees were negligent, wanton, reckless and careless in,

22

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017
RECEIVED NYSCEF: 06/15/2017

among other things, designing, manufacturing, fabricating, producing, selling, distributing, repairing and placing into the stream of commerce the aforesaid cylinder tank, and its component parts, which was hazardous, defective and/or not reasonably safe; and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

121. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

122. The limited liability provisions of the C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

123. That as a result of the aforesaid accident, this plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money as a result of this accident; the plaintiff further was caused to lose substantial periods of time from his normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

23

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM
NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017
RECEIVED NYSCEF: 06/15/2017

124. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF, FRANKLIN BUONO AS
AGAINST DEFENDANTS, WORTHINGTON INDUSTRIES, INC.,
ANSUL INC. and TYCO FIRE PROTECTION PRODUCTS

125. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "80" through "123" of the Fourth Cause of Action, with the same force and effect as if more fully set forth herein at length.

126. That the defendant, WORTHINGTON INDUSTRIES, INC., warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid cylinder tank and its component parts to all foreseeable persons using same that the said cylinder tank and its component parts was properly designed, manufactured, distributed, sold, installed and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which they intended and that the said cylinder tank and its component parts was safe, proper, merchantable and fit for its intended purpose.

127. That the defendant, ANSUL INC., warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid cylinder tank and its component parts to all

24

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

foreseeable persons using same that the said cylinder tank and its component parts was properly designed, manufactured, distributed, sold, installed and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which they intended and that the said cylinder tank and its component parts was safe, proper, merchantable and fit for its intended purpose.

128. That the defendant, TYCO FIRE PROTECTION PRODUCTS, warranted in designing, manufacturing, distributing, selling and placing into the stream of commerce the aforesaid cylinder tank and its component parts to all foreseeable persons using same that the said cylinder tank and its component parts was properly designed, manufactured, distributed, sold, installed and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which they intended and that the said cylinder tank and its component parts was safe, proper, merchantable and fit for its intended purpose.

129. That the plaintiff relied upon such express and/or implied warranties.

130. That the use to which the said cylinder tank and its component parts was being put on the date of the accident was a use reasonably contemplated and intended and foreseen by the defendant, WORTHINGTON INDUSTRIES, INC., prior to the time of the sale of said cylinder tank and its component parts.

25

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

131. That the use to which the said cylinder tank and its component parts was being put on the date of the accident was a use reasonably contemplated and intended and foreseen by the defendant, ANSUL INC., prior to the time of the sale of said cylinder tank and its component parts.

132. That the use to which the said cylinder tank and its component parts was being put on the date of the accident was a use reasonably contemplated and intended and foreseen by the defendant, TYCO FIRE PROTECTION PRODUCTS, prior to the time of the sale of said cylinder tank and its component parts.

133. That the defendant, WORTHINGTON INDUSTRIES, INC., breached said warranties.

134. That the defendant, ANSUL INC., breached said warranties.

135. That the defendant, TYCO FIRE PROTECTION PRODUCTS, breached said warranties.

136. That the plaintiff did give notice to the defendant, WORTHINGTON INDUSTRIES, INC., of said breach of warranty or such notice was otherwise excused.

137. That the plaintiff did give notice to the defendant, ANSUL INC., of said breach of warranty or such notice was otherwise excused.

138. That the plaintiff did give notice to the defendant, TYCO FIRE PROTECTION PRODUCTS, of said breach of warranty or such notice

26

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM   INDEX NO. EF004460-2017

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 06/15/2017

was otherwise excused.

139. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

> AS AND FOR A SIXTH CAUSE OF ACTION
> ON BEHALF OF PLAINTIFF, FRANKLIN BUONO AS
> AGAINST DEFENDANTS, WORTHINGTON INDUSTRIES, INC.,
> ANSUL INC. and TYCO FIRE PROTECTION PRODUCTS

140. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "80" through "123" of the Fourth Cause of Action and paragraphs numbered "126" through "138" of the Fifth Cause of Action, with the same force and effect as if more fully set forth herein at length.

141. That the defendant, WORTHINGTON INDUSTRIES, INC., designed, manufactured and put into circulation, namely the aforesaid cylinder tank and its component parts.

142. That the defendant, ANSUL INC., designed, manufactured and put into circulation, namely the aforesaid cylinder tank and its component parts.

143. That the defendant, TYCO FIRE PROTECTION PRODUCTS, designed, manufactured and put into circulation, namely the aforesaid cylinder tank and its component parts.

144. That the said cylinder tank and its component parts were not suited for their purpose and were defective at the time that the cylinder tank and its component parts left the control of each of

27

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

these defendants.

145. That the defendant, WORTHINGTON INDUSTRIES, INC., assumed a strict products liability to users and to persons injured by the aforesaid cylinder tank and its component parts, including this plaintiff.

146. That the defendant, ANSUL INC., assumed a strict products liability to users and to persons injured by the aforesaid cylinder tank and its component parts, including this plaintiff.

147. That the defendant, TYCO FIRE PROTECTION PRODUCTS, assumed a strict products liability to users and to persons injured by the aforesaid cylinder tank and its component parts, including this plaintiff.

148. That by reason of the assumption of said defendant of the strict products liability, and the injuries resulting therefrom to the plaintiff, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants and each of them as follows:

(1) In a sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on the First Cause of Action;

(2) In a sum which exceeds the jurisdictional limits of all

28

lower courts which the jury would find to be fair, adequate and just on the Second Cause of Action;

(3) In a sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on the Third Cause of Action;

(4) In a sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on the Fourth Cause of Action;

(5) In a sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on the Fifth Cause of Action; and

(6) In a sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just on the Sixth Cause of Action, together with the costs and disbursements of this Action.

Yours, etc.,

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff
Office & P.O. Address
436 Robinson Avenue
Newburgh, New York 12550

BY: _Elyssa M. Fried-DeRosa, ESQ_
ELYSSA M. FRIED-DE ROSA, ESQ.

29

TO: POSEIDON AIR SYSTEMS
    VICTORY AUTO STORES, INC.
    VICTORY AUTO STORES, INC. d/b/a POSEIDON AIR SYSTEMS
    Defendants
    165 Heineberg Dr. #127
    Colchester, Vermont   05446

    WORTHINGTON INDUSTRIES, INC.
    Defendant
    530 Henry Street
    Rome, New York   13440

    ANSUL INC.
    TYCO FIRE PROTECTION PRODUCTS
    Defendant
    One Stanton Street
    Marinette, Wisconsin   54143

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 1

INDEX NO. EF004460-2017

RECEIVED NYSCEF: 06/15/2017

STATE OF NEW YORK   :   COUNTY OF ORANGE              ss:

    FRANKLIN BUONO, being duly sworn says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                                     FRANKLIN BUONO

Sworn to before me on this
14 day of June, 2017.

NOTARY PUBLIC

Carmella Vega
Notary Public, State of New York
Qualified in Orange County
Registration # 01VE6223719
Commission Expires June 14, 2018

31

FILED: ORANGE COUNTY CLERK 06/15/2017 11:03 AM

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 06/15/20

File#115414-1/l1

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF _____ORANGE_____

### STATEMENT OF AUTHORIZATION FOR
### ELECTRONIC FILING
(Single Attorney Authorizing Individual Filing Agent)

I, LAWRENCE LISSAUER , Esq., ( Attorney Registration No. 2100402 ) am an authorized user of the New York State Courts Electronic Filing System ("NYSCEF") (User ID ldlissau ). I hereby authorize LISA LUJAN ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on my behalf and at my direction in any e-filed matter in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which I have previously consented to e-filing, to any mandatory matter in which I have recorded my representation, and to any matter in which I may authorize the filing agent to record my consent or representation in the NYSCEF system.

This authorization extends to any and all documents I generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which I am counsel of record, shall be deemed to accompany any document filed in that matter by the filing agent.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until I revoke it in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: _____ 6-15-17

_____
Signature

LAWRENCE LISSAUER, ESQ.
Print Name

FINKELSTEIN & PARTNERS, LLP.
Firm/Department

1279 Route 300, PO Box 1111
Street Address

Newburgh, New York  12551
City, State and Zip Code

845-563-9446
Phone

efile@lawampm.com
E-Mail Address

(6/6/13)



# NYSCEF - Orange County Supreme Court
# Payment Receipt

This is an automated response for Supreme Court / Court of Claims cases.  The NYSCEF site has received your electronically filed document(s) for:

### FRANKLIN BUONO - v. - POSEIDON AIR SYSTEMS et al

### Index Number NOT assigned

## Documents Received on   06/15/2017 11:03 AM

| Doc # | Document Type | Control # | Motion # | Fee |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | | | $0.00 |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | | | |
| 2 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | | | $0.00 |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | | | |
| | | | *Index Fee* | + $210.00 |
| | | | *Total Fee* | **$210.00** |

## Payment Information

| | |
|---|---|
| Payment Type: | **AMERICAN EXPRESS** |
| Date Paid: | **06/15/2017** |
| Fee Amount: | **$210.00** |
| Authorization Code: | **264028** |
| Comments: | |

## Filing User

| | | | |
|---|---|---|---|
| Name: | LAWRENCE D LISSAUER | | |
| Phone #: | 845-563-9446 | E-mail Address: | efile@lawampm.com |
| Fax #: | 845-562-3492 | Work Address: | c/o Finkelstein and Partners 1279 Rt 300 Newburgh,, NY 12551 |

**Annie Rabbitt, County Clerk**
Phone: (845) 291-2690     Fax: 845-291-2691 (fax)     Website: http://www.orangecountygov.com/content/124/861/

**NYSCEF Resource Center -  EFile@nycourts.gov**
Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile

Page 1 of 2



# NYSCEF - Orange County Supreme Court
## Payment Receipt

FRANKLIN BUONO - v. - POSEIDON AIR SYSTEMS et al

**Index Number NOT assigned**

### Authorized Agent

Name:      Lisa Lujan
Phone #:   845-563-9488
Fax #:

E-mail Address:        efile@lawampm.com
Firm/Business Name:    Finkelstein & Partners

Work Address:          1279 Route 300
                       P.O. Box 1111
                       Newburgh, NY 12551

**Annie Rabbitt, County Clerk**
Phone: (845) 291-2690      Fax: 845-291-2691 (fax)      Website: http://www.orangecountygov.com/content/124/861/

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone:** (646) 386-3033      **Fax:** (212) 401-9146      **Website:** www.nycourts.gov/efile

Page 2 of 2