# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FRANKLIN BUONO,

               Plaintiff,

    -against-

POSEIDON AIR SYSTEMS, VICTORY AUTO
STORE, INC., VICTORY AUTO STORES, INC.
d/b/a POSEIDON AIR SYSTEMS,
WORTHINGTON INDUSTRIES, INC., and TYCO
FIRE PRODUCTS LP,

               Defendants.
---------------------------------------------------------X
TYCO FIRE PRODUCTS, LP,

               Third-Party Plaintiff,

    -against-

OPRANDY'S FIRE & SAFETY INC.,

               Third-Party Defendant.
---------------------------------------------------------X

Civil Action No.: 7:17-cv-05915-NSR-LMS

**OPRANDY'S FIRE & SAFETY INC.'S RESPONSE TO TYCO FIRE PRODUCTS LP'S REQUEST FOR PRODUCTION OF DOCUMENTS**

      Third-Party Defendant, OPRANDY'S FIRE & SAFETY INC. ("Oprandy's" or "Third-Party Defendant"), by and through its counsel, HAWORTH BARBER & GERSTMAN, LLC hereby responds to Defendant/Third-Party Plaintiff TYCO FIRE PRODUCTS, LP's Request for Production of Documents:

## GENERAL OBJECTIONS:

      The General Objections set forth below apply to and are expressly made part of Third-Party Defendant's specific objections and responses to each of the Interrogatories and/or Document Requests.

      1.    Third-Party Defendant objects to the Interrogatories and and/or the Document Requests to the extent that they purport to impose obligations beyond those imposed under the Federal Rules of Civil Procedure. Third-Party Defendant's responses to the Interrogatories

and/or Document Requests are prescribed by, and Third-Party Defendant hereby responds in accordance with, the applicable Federal Rules of Civil Procedure.

2.      Third-Party Defendant objects to the Interrogatories and/or Document Requests to the extent that they seek information and/or documents that are protected from disclosure by the attorney-client privilege or any other privilege recognized by statute, at common law, or which constitutes or reflects attorney work product.  Inadvertent production of any such information or documents shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Third-Party Defendant's right to object to the use of any such document during the litigation.

3.      Third-Party Defendant objects to the Interrogatories and/or Document Requests to the extent that they seek information and/or documents that are confidential, proprietary and/or constitute trade secrets.

4.      Third-Party Defendant objects to the Interrogatories and/or Document Requests to the extent that they seek information and/or documents not within their possession, custody or control.

5.      Third-Party Defendant objects to the Interrogatories and/or Document Requests to the extent that they seek information and/or documents that relate to matters that are not raised in the parties' pleadings as a claim or defense and/or are not material and necessary in the prosecution or defense of this action and/or are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Third-Party Defendant objects to the Interrogatories and/or Document Requests to the extent that they fail to identify any individual document or category of documents with reasonable particularity.

7. Third-Party Defendant objects to the Interrogatories and/or Document Requests to the extent that they call for unreasonably cumulative or duplicative material.

8. Third-Party Defendant objects to any demand to the extent that it is overbroad, ambiguous, overly vague, unduly burdensome, not limited in time or scope, harassing, or seeks discovery of information and/or documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence concerning this action.

9. Third-Party Defendant objects to the Interrogatories and/or Document Requests to the extent that they seek information and/or documents that are already in the possession, custody, or control of plaintiff or defendant/third-party plaintiff or that is equally or more accessible to plaintiff or defendant/third-party plaintiff.

10. Third-Party Defendant's responses to the Interrogatories and/or Document Requests are based on the information presently known to Third-Party Defendant and are made without prejudice to Third-Party Defendant's right to use subsequently discovered information and/or documents. Discovery and pre-trial preparation may develop further information affecting the responses and Third-Party Defendant reserves the right to amend or supplement their responses accordingly. By these responses, Third-Party Defendant does not intend to limit its use of any additional information or documents it may subsequently obtain during the course of discovery and further investigation.

11. By responding to any of the specific Interrogatories and/or Document Requests, Third-Party Defendant does not waive its right to object to the use of any such documents or the information contained therein for any reason including, but not limited to, relevancy and admissibility objections. Third-Party Defendant expressly reserves the right to object to further discovery and the subject matter of any of the Interrogatories and/or Document Requests.

12. To the extent a response below states that Third-Party Defendant will make available responsive information and/or documents, this response does not necessarily indicate that responsive documents actually exist. Rather, it indicates that Third-Party Defendant will undertake a reasonable search for and produce any responsive, non-objectionable documents in its possession.

Subject to and without waiver of the General Objections set forth above, Third-Party Defendant responds to the Interrogatories and/or Document Requests as follows:

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:** All photographs of the scene where Mr. Buono's accident occurred on February 12, 2016, including, but not limited to, photographs of the area where the accident occurred and of the equipment and tools being used by Mr. Faust to fill the tank on that date.

**RESPONSE:** **See photographs of the scene of the incident, attached hereto as Exhibit "A."**

**REQUEST NO. 2:** All documents used by Oprandy's to train employees concerning the filling of tanks with compressed air, the filling of tanks with agent, or hydro-testing tanks prior to February 12, 2016.

**RESPONSE:** None.

**REQUEST NO. 3:** All documents related to training Christopher Faust received prior to February 16, 2016 related to fire suppression equipment, including, but not limited, to the design, installation, testing, and servicing of fire suppression equipment.

**RESPONSE:** See Mr. Faust's employment file, attached as Exhibit "B."

**REQUEST NO. 4:** All documents related to training plaintiff received prior to February 16, 2016 related to fire suppression equipment, including, but not limited, to the design, installation, testing, and servicing of fire suppression equipment.

**RESPONSE:** <u>See Mr. Buono's employment file, attached hereto as Exhibit "C."</u>

**REQUEST NO. 5:** All documents related to the purchase, servicing, operation, or repair of the Poseidon air filling system being used by Mr. Faust on February 12, 2016.

**RESPONSE:** None.

**REQUEST NO. 6:** All documents related to the purchase servicing, operation, use, or repair of the Poseidon compressor owned by Oprandy's at the time of the incident.

**RESPONSE:** None.

**REQUEST NO. 7:** All documents related to the purchase, servicing, operation, use, or repair of any regulator used at Oprandy's when filling tanks with compressed air or agent on or prior to the date of the incident.

**RESPONSE:** None.

**REQUEST NO. 8:** All documents related to the purchase, servicing, operation, use, or repair of the regulator that may have been used by Mr. Faust at the time of the incident.

**RESPONSE:** None.

**REQUEST NO. 9:** All documents related to the purchase, servicing, operation, use or repair of the connectors used by Mr. Faust at the time of the incident to fill the subject tank.

**RESPONSE:** None.

**REQUEST NO. 10:** All documents related to the training Christopher Faust received regarding hydro-testing and/or filling tanks with compressed air and/or agent prior to February 12, 2016.

**RESPONSE:** <u>See Mr. Faust's employment file, attached hereto as Exhibit "B."</u>

**REQUEST NO. 11:** All documents related to the training plaintiff received regarding hydro-testing and/or filling tanks with compressed air and/or agent prior to February 12, 2016.

**RESPONSE:** <u>See</u> **Mr. Buono's employment file, attached hereto as Exhibit "C."**

**REQUEST NO. 12:** All documents related to the purchase or acquisition of the tank and valve that was being filled at the time of the incident on February 12, 2016.

**RESPONSE:** **None.**

**REQUEST NO. 13:** All labels, warning, manuals, or other documents in your possession at the time of the incident regarding the design, installation, servicing, repair, testing, filling, use, or refilling of the tank and valve that were being filled by Mr. Faust on February 12, 2016.

**RESPONSE:** **Objection.  Overly broad, unduly burdensome, vague and ambiguous as to "the tank and valve" being used.  Notwithstanding these objections, all materials and equipment being used by Mr. Faust on February 12, 2016 were removed from Oprandy's by the Occupational Safety and Health Administration.  Without waiver, Oprandy's refers all parties to the Post-Accident Investigation Report issued by the Occupational Safety and Health Administration.**

**REQUEST NO. 14:** All labels, warning, manuals, or other documents in your possession at the time of the incident related to the design, installation, repair, testing, filling, use or refilling of Pyro-Chem fire suppression systems, including but not limited to Pyro-Chem tanks.

**RESPONSE:** **Objection.  Overly broad and unduly burdensome as to all materials relating to the Pyro-Chem fire suppression system was removed from Oprandy's by the Occupational Safety and Health Administration.  Without waiver, Oprandy's refers all parties to the Post-Accident Investigation Report issued by the Occupational Safety and Health Administration.**

**REQUEST NO. 15:** All notes or compilations made by you regarding the incident that occurred on February 12, 2016 or the injuries sustained by Oprandy's employees.

**RESPONSE:** Objection. Overly broad, unduly burdensome and ambiguous as to "notes or compilations," as well as ambiguous as to time and addressee. Without waiver, see Oprandy's response to Tyco's subpoena *duces tecum* attached as Exhibit "D." Additionally, see "Notebook: Property of Patty Scott," previously marked as an exhibit at the deposition of Brian Scott on May 2, 2018, attached hereto as Exhibit "E."

**REQUEST NO. 16:** Any statements related to the incident and/or the injuries plaintiff received.

**RESPONSE:** Third-Party Defendant objects that the request is vague and ambiguous as to possession of "any statements," and vague and ambiguous as to time. Furthermore, Third-Party Defendant objects to this request on the grounds that it seeks information protected from disclosure by the attorney-client privilege; seeks information protected from disclosure by the work-product doctrine; and seeks information not within the custody or control of Third-Party Defendant. Notwithstanding said objections, see Response to Request No. 15. Additionally, see statements of Mr. Buono and Mr. Faust, attached hereto, respectively, as Exhibits "F," and "G."

**REQUEST NO. 17:** All standard operating procedures in your possession prior to February 12, 2016 regarding the filling of tanks with compressed air or agent.

**RESPONSE:** None.

**REQUEST NO. 18:** Christopher Faust's employment file with Oprandy's.

**RESPONSE:** See Mr. Faust's employment file, attached hereto as Exhibit "B."

**REQUEST NO. 19:** Plaintiff's employment file with Oprandy's.

**RESPONSE:**     See Mr. Buono's employment file, attached hereto as Exhibit "C."

**REQUEST NO. 20:** A copy of any and all insurance agreements Oprandy's had in effect at the time of the incident that may provide Oprandy's or its employees with coverage for any liability related to the February 12, 2016 incident.

**RESPONSE:     Third-Party Defendant objects to this request as not reasonably calculated to lead to the discovery of relevant evidence. Subject to and without waving this objection, The Hartford Fire Insurance Company issued a Workers' Compensation and Employers' Liability policy of insurance to Oprandy's Fire and Safety Equipment Inc. under policy number 16 WEC GH6825, with policy effective dates October 29, 2015 to October 29, 2016. See Oprandy's applicable insurance policy, attached as Exhibit "H."**

**REQUEST NO. 21:** Any statement or deposition given by you or any Oprandy's employee regarding the incident.

**RESPONSE:     See the deposition transcript of Brian Scott, dated May 2, 2018, attached hereto as Exhibit "I." Additionally, see Response to Request No. 15.**

**REQUEST NO. 22:** Any Pyro-Chem technical manuals in your possession at the time of the incident.

**RESPONSE:**     None.

**REQUEST NO. 23:** Any directions or instructions for use of the subject cylinder and its component parts.

**RESPONSE:**     None.

**REQUEST NO. 24:** Any documents related to the use of drugs or mediation by Mr. Faust or plaintiff on the day of the incident.

8

**RESPONSE:** **Objection. Overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, Oprandy's is not in possession of materials responsive to this request.**

**REQUEST NO. 25:** Documents related to training received by any Oprandy's owners or employees regarding the design, installation, servicing, repair or use of Pyro-Chem fire suppression systems prior to the incident.

**RESPONSE:** **See Brian Scott's certifications attached hereto as Exhibit "J."**

**REQUEST NO. 26:** Documents related to training received by any Oprandy's owners or employees regarding the design, installation, servicing, repair or use of kitchen fire suppression systems prior to the incident.

**RESPONSE:** **See Response to Request No. 25.**

**REQUEST NO. 27:** Documents relating to any authorized distributor agreements Oprandy's had relating to the design, installation, servicing, repair or use of kitchen fire suppression systems prior to the incident.

**RESPONSE:** **None.**

Dated:   New York, New York
         June 24, 2019

                                        HAWORTH BARBER & GERSTMAN, LLC


                                        /s/ Barry Gerstman, Esq.
                                        Barry Gerstman (BG – 3691)
                                        45 Broadway, Suite 2110
                                        New York, New York 10006
                                        Telephone: (212) 952-1100
                                        Facsimile: (212) 952-1110
                                        Barry.Gerstman@hbandglaw.com
                                        Attorneys for Third-Party Defendant
                                        Oprandy's Fire & Safety Inc.

9

TO:  *All counsel of record via E-Mail*

Sandra R. Stigall, Esq.
Sarah Lynn Baltzell
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
sstigall@shb.com
Attorneys for Defendant/Third-Party Plaintiff
Johnson Controls International PLC f/k/a Tyco Fire Products LP

Thomas M. DeMicco, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, New York 10604
Telephone: (914) 323-7000
Thomas.demicco@wilsonelser.com
Co-Counsel for Defendant/Third-Party Plaintiff
Tyco Fire Products LP

Kenneth Fromson Esq.
Finkelstein & Partners LLP
1279 Route 300
P.O. Box 1111
Newburgh, New York 12551
Telephone: (845) 562-0203
kfromson@lawampm.com
Attorneys for Plaintiff
Franklin Buono