# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
FRANKLIN BUONO,                       :
                                      :
                        Plaintiff,    :   Civil Action No. 7:17-cv-05915 (PMH)
                                      :
        v.                            :
                                      :
POSEIDON AIR SYSTEMS, VICTORY AUTO    :   **DECLARATION OF**
STORE, INC., VICTORY AUTO STORES, INC.:   **FRANKLIN BUONO**
d/b/a POSEIDON AIR SYSTEMS,           :
WORTHINGTON INDUSTRIES, INC., AND     :
TYCO FIRE PRODUCTS LP,                :
                                      :
                        Defendants.   :
                                      :
--------------------------------------X
TYCO FIRE PRODUCTS LP,                :
                                      :
                 Third-Party Plaintiff,:
                                      :
        v.                            :
                                      :
OPRANDY'S FIRE & SAFETY INC.,         :
                                      :
                 Third-Party Defendant.:
--------------------------------------X

STATE OF NEW YORK   )
                    ) SS:
COUNTY OF ORANGE    )

FRANKLIN BUONO, being duly sworn, deposes and states as follows under the penalty of perjury:

1.  I am the Plaintiff in the above-captioned action and submit this declaration based on my personal knowledge and in opposition to Defendant Tyco Fire Products LP's motion for summary judgment.

2.  On February 12, 2016, I had been working at Oprandy's for only a few weeks. During that time I did handle fire extinguishers and was shown around the shop, but never did anything with a test tank like the one that exploded.

3.  One of the things I did learn in the short period of time that I worked at Oprandy's was that there were labels with warnings and notices on various containers that we had there, particularly when there were safety issues and dangers involved. It seemed that things that were potentially dangerous were in some way labelled to indicate this and provide warnings about use. Because I never encountered or witnessed any problems with the work I was being shown how to do until the time at issue, I did not need to look for written instructions or warnings on the labelled fire extinguishers for help and I don't recall what I read at the time. However, I knew from the labelling that the materials we handled could be dangerous and I was cautious in my work.

4.  As I testified to at my deposition(s), when I was watching Chris Foust attempting to fill the test tank at the time at issue and there seemed to be a problem, I looked at the test tank to see if there were any warnings or instructions. I didn't see anything like that. I therefore didn't feel any safety concerns about the fact that there seemed to be a problem with the tank or with what Chris was doing. If there were potential dangers or safety issues, I would've expected to see some sort of warning on the tank making that very clear, just as there were on the other containers in the shop.

5.  It was my understanding from Chris that the gauge on the test tank would move and show when the tank was filled. Since the gauge was not moving, and we didn't hear any air flowing, we thought that no air was going into the tank. I did not know that we shouldn't be

relying on that gauge or that a pressure regulator was supposed to be used to determine when it was filled.

6.  I looked to see if there were any warnings or instructions so that I would know what to do, could help Chris, and to make sure that what he was doing was okay. If I had seen instructions on the tank, I would have interrupted Chris and told him what it said on the tank to do. If I had seen a danger warning, I would have reacted and responded in a way to avoid harm.

7.  Because there was no warnings or instructions on the tank, I just stayed there about a foot away from the tank and continued to lean in to look to see if the gauge moved at all. The next thing I knew there was a huge explosion and the ground seemed to collapse under me. I realized I lost my leg in this explosion and used my belt to tourniquet my leg as I called for help and waited for medical assistance.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, it is respectfully requested that this Court deny Defendant's motion for summary judgment in the above-captioned action.

Dated: April 22, 2021
Goshen, NY

FRANKLIN BUONO